IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IRMGARD AIMEE PAGAN RIVERA **Plaintiff,** v. LUMA ENERGY, LLC; LUMA ENERGY SERVCO LLC, ET. ALS. **Defendants.** | Civil Action No. 3:24-cv-01457 |

**MOTION TO DISMISS THE COMPLAINT**

Defendants, **LUMA ENERGY, LLC; LUMA ENERGY SERVCO LLC**; and **Mr. Juan Saca** (collectively, "co-defendants"), respectfully submit this Motion to Dismiss the Complaint pursuant to Rule12(b)(1) and (6) of the Federal Rules of Civil Procedure seeking to dismiss with prejudice the Complaint filed by Irmgard Aimee Pagan Rivera ("Plaintiff").

I.   **SUMMARY OF THE ARGUMENT**

Through the above-captioned Complaint, Plaintiff seeks damages, punitive damages, injunctive relief and attorney's fees arising from an alleged "breach of contract" and "trespassing" that "caused the complete breaking of many acres of Rancho Duina's fence".

There are no federal question issues in the plaintiffs' case that this Court needs to consider. The allegations raised in the complaint at Bar are conclusory and implausible, and there is no "sufficient factual matter" to support them. The asserted damages are brought in flagrant bad faith to artificially feign the required jurisdictional amount, and diversity jurisdiction is not properly alleged.

1

As it will be discussed below, the Complaint should be dismissed in its entirety because Plaintiff's allegations do not reach the level of the pleading standards under Rule 12(b)(1) nor 12(b)(6). Even if Plaintiff's egregious allegations were to be taken as true, Plaintiff's alleged damages have been asserted in bad faith and artificially manufactured, and thus fail to plausibly meet the diversity jurisdictional amount. Additionally, the injunctive relief requested is unspecified and improper.

Even when the only stated cause of action in the Complaint is an alleged "breach of contract", the complaint is devoid of any mention of which contract has allegedly been breached, or what constitutes the alleged breach of contract, since there is no active service account under Plaintiff's name in LUMA's records. As derived from the face of the Complaint, it seems clear that Plaintiff's damages allegations are without merit and brought in a bad faith attempt to manufacture access to this Honorable Court's diversity jurisdiction.

Finally, the alleged issue regarding the construction of "huge towers" and "invasion of a substantial portion of the farm" is also mendacious, as the Puerto Rico Electric Power Authority ("PREPA") has had an incorporated easement registered in the Puerto Rico Property Registry in favor of the PREPA on "folio" 51 of volume 282 of Carolina, property number 6456 eighth inscription. The right-of-way easement which contains the 115 kV electric transmission lines #36,800 and #41,200 was acquired by PREPA, through the procedure of Forced Expropriation in Civil Case E-61-1462, Lot 55 from Mr. Rafael Nevárez Ladrón, according to a judgment handed down on February 17, 1964. As such, the "huge towers" referred to by the Plaintiff have been legally in place for decades before the Plaintiff acquired the property.

We will discuss the above next, with the prayer that the Court dismiss the entire Complaint with prejudice.

II.  **ALLEGATIONS IN THE COMPLAINT THAT SHOULD BE TAKEN AS TRUE ONLY FOR PURPOSES OF THIS MOTION TO DISMISS**

The following allegations are summarized below for the sole purpose of this Court's consideration of the present motion for dismissal. This statement of facts should not be construed as an admission of its veracity or correctness by the co-defendants, but to show it fails to satisfy the standard of Fed. R. Civ. P. 12(b) as discussed in the subsequent section.

1. Plaintiff Irmgard Aimee Pagán Rivera, a resident of the state of Maryland, is the owner of a farm of twenty-three lots ("cuerdas"), located at Barrazas Road 856, Santa Cruz, and is commonly known as Duina Ranch. See, D.E. 6, "The Parties", ¶1.

2. Inheritor and Widow Irmgard Pagan inherited the indicated farm by way of a Judicial Judgment that is final and firm since the year 2012. See, D.E. 6, "Factual Allegations" ¶1.

3. Plaintiff became aware of the Trespassing by Luma, on Saturday, September 16, 2022, by the manager of a Hardware Store. The indicated manager is a resident and/or neighbor of Rancho Duina, who has known Plaintiff for decades. The fence trespassing caused the complete breaking of many acres of Rancho Duina' fence. See, D.E. 6, "Factual Allegations" ¶1.

4. Luma put equipment without the consent or authorization from neither the owner, inheritor and the widow of Rancho Duina nor the Administrator of Rancho Duina Miguel Pagan. See, D.E. 6, "Factual Allegations" ¶1.

5. Luma did not ask for any authorization to destroy all the fence around the farm and Luma did not have any authorization from my client to construct the huge towers inside Rancho Duina. See, D.E. 6, "Factual Allegations" ¶2.

6. Defendant LUMA and all defendants had ignored all the communications of the Plaintiff Owner and Inheritor Irmgard Aimee Pagan Rivera, hereinafter referred as Plaintiff Irmgard

Pagan and LUMA has ignored the requests of the Administrator of Rancho Duina herein referred to as Administrator Miguel Pagan. See, D.E. 6, "Factual Allegations" ¶4

## III. STANDARD OF REVIEW

The pleadings (1) fail to properly assert a basis for diversity jurisdiction, (2) do not raise a federal question and (3) are insufficient to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(1) and 12(b)(6). We will also argue that the court lacks diversity jurisdiction because the jurisdictional amount is not met, and Plaintiff has brought forth bad faith, frivolous, inflated and fabricated allegations in order to manufacture their aggregated claimed amount.

A court presented with motions to dismiss under both Rules 12(b)(1) and 12(b)(6) should decide jurisdictional questions before addressing the merits. *Deniz v. Municipality of Guaynabo*, 285 F. 3d 142, 149 (1st Cir. 2002). The party invoking the jurisdiction of federal courts carries the burden of proving that there is proper basis for the exercise of jurisdiction. *Johansen v. United States*, 506 F. 3d 65, 68 (1st Cir. 2007).

## IV. GROUNDS FOR DISMISSAL

### A. Diversity Jurisdiction

The plaintiff fails to properly support her allegations to assert a basis for diversity jurisdiction. Although she generally asserts that the parties are citizens of different states, the complaint fails to include "a short and plain statement of the grounds for the court's jurisdiction . . .." and specific allegations as to the parties' place of residence as required by Fed. R. Civ. P. 8(a)(1).

Federal courts are courts of limited jurisdiction. Thus, the courts must "police the border of federal jurisdiction." *Spielman v. Genzyme Corp.*, 251 F3d 1 (1st Cir. 2001).

Federal courts are given diversity jurisdiction pursuant to the U.S. Constitution, which provides in its in pertinent part, that "[t]he judicial power shall extend to all cases ... between Citizens of different states." U.S. Const., Article III, Section 2.

Diversity jurisdiction requires complete diversity between all plaintiffs and all defendants. *Torres Vazquez v. Commercial Union Ins. Co.*, 417 F. Supp.2d 227 (2006). A plaintiff must plead the citizenship of the parties in the complaint. If a plaintiff sues in federal court, the plaintiff must include in the complaint "a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). If one of the parties is a corporation, "the plaintiff must allege both the state of incorporation and the principal place of business for each corporation." *Casino, Inc. v. S.M. & R. Co., Inc.*, 755 F.2d 528, 529

"The burden of establishing jurisdiction is on the one party invoking it". *Baker v. Murphy*, 495 F.Supp. 462 (1980) ("[A]n allegation that a party is a resident of certain state are insufficient to form basis for diversity jurisdiction since, consistently with that averment, they may be a citizen of any other state.") Any pleading asserting a claim for relief must allege the essential elements of diversity of citizenship jurisdiction, and the courts now enforce this requirement as prescribed in Federal Rule of Civil Procedure 8(a)(1). 13E <u>Wright & Miller</u> § 3602.1, pp. 77–79.

In *Baker, supra,* this District Court ruled that a third amended complaint alleging that defendants "upon information and belief are presently citizens of the State of New Jersey and of the United States of America" failed to distinctively and positively aver citizenship sufficient to form basis for diversity jurisdiction.

Similarly, in the above captioned complaint, the Plaintiff has merely alleged that she is a resident of the State of Maryland and that the defendants "are foreigners", failing to adequately plead diversity. As such, the complaint must be dismissed, as the Plaintiff has failed to properly support its allegations that diversity jurisdiction exists.

Where jurisdiction depends upon citizenship of parties, such citizenship, or facts which in legal intendment constitute it, should be distinctively and positively averted in the complaint. *Id*. In the present case, the Plaintiff has failed to adequately plead diversity jurisdiction and has failed to plausibly plead a meritorious jurisdictional amount. In fact, this is the type of case that wastes the Court's precious time and brings disrespect to the diversity jurisdiction doctrine.

### i. Jurisdictional Amount.

For purposes of establishing diversity jurisdiction, amount in controversy is determined by looking to circumstances at time complaint is filed. 28 U.S.C.A. § 1332(a). See also, *Coventry Sewage Associates v. Dworkin Realty Co.*, 71 F.3d 1 (1995). A court decides amount in controversy from the face of the complaint unless it appears or is in some way shown that amount stated in complaint is not claimed in good faith. 28 U.S.C.A. § 1332(a). *Id.* When discerning plaintiff's good faith, courts may look to whether it appears to a legal certainty that claim is really for less than jurisdictional amount. *Id*.

For purposes of federal diversity jurisdiction amount-in-controversy requirement, when plaintiff initiates action in federal court, plaintiff knows or should know whether their claim surpasses jurisdictional minimum. 28 U.S.C.A. § 1332(a). See also: *Id*, *Torres v. Doctors Center Hosp. Manatí*, 2012 WL 1952833 (Not Reported in F.Supp.2d). "Plaintiff's good faith in choosing federal forum is open to challenge not only by resort to face of complaint, but by facts disclosed at trial, and if from either source it is clear that his claim never could have amounted to sum necessary to give jurisdiction, there is no injustice in dismissing suit". *Id.*

If, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed to be in controversy, for purpose of establishing diversity jurisdiction, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled

to recover that amount, the suit will be dismissed. 28 U.S.C.A. § 1332(a). See *Stewart v. Tupperware Corp.,* 356 F.3d 335 (2004). An objection that a federal court lacks subject matter jurisdiction may be raised by a party, or by the court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment. Fed.Rules Civ.Proc.Rule 12(h)(3), 28 U.S.C.A., See also: *Soprema, Inc. v. Workers Corp.*, 485 F.Supp.2d 1 (2007). When a defendant challenges the existence of diversity jurisdiction and controverts the accuracy rather than the sufficiency of the jurisdictional facts asserted by the plaintiff, the plaintiff's jurisdictional averments are entitled to no presumptive weight, and the plaintiff, as the party invoking jurisdiction, has the burden to show that it is proper. Fed.Rules Civ.Proc.Rule 12(h)(3), 28 U.S.C.A., See also: Id.

A plaintiff's good faith claim controls the determination of whether the amount in controversy requirement for federal jurisdiction exists, unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount. 28 U.S.C.A. § 1332(a). Id. However, once a defendant questions jurisdiction by challenging the amount of damages alleged in the complaint, the burden shifts to the plaintiff to show that it is not a legal certainty that the potential recovery is capped at a figure below the jurisdictional minimum. 28 U.S.C.A. § 1332(a). Id.

In this case, even if Plaintiffs allegations of damage to "all the fence" surrounding a 23-acre farm were true, the cost to repair or replace the entire fence would not even remotely reach (much less exceed) the required $75,000.01 jurisdictional amount. Moreover, in reference to the alleged "taking" without "due process", the easement located in Plaintiffs property has been legally established for over 40 years by way of a Court decree handed down since 1964, and there is no active electric service account in existence, so there is no contract to breach. Co-defendants therefore request this complaint be dismissed with prejudice.

B. **The Complaint Must Be Dismissed Because It Does Not Raise A Federal Question And Fails To Satisfy Scrutiny Under Rule 12(B)(1).**

The Complaint also fails to correctly allege federal question jurisdiction, as it is clear from the Complaint that all claims are exclusively state law for which there is no federal question jurisdiction.

The "primary purpose" of federal question jurisdiction "is to ensure the availability of a forum designed to minimize the danger of hostility toward, and especially suited to the vindication of, federally created rights." 15 Moore's Federal Practice ¶ 103.03. Despite this purpose, state courts are generally competent to adjudicate federal law. 15 Moore's Federal Practice ¶ 103.04; *Tafflin v. Levitt*, 493 U.S. 455, 459 (1990) (noting a "deeply rooted presumption in favor of concurrent state court jurisdiction").

District courts have original jurisdiction over all civil cases arising under the United States Constitution, laws, or treaties, according to 28 U.S.C.A. Section 1331, which governs federal question jurisdiction. A plaintiff must assert a claim that really emerges under federal statutes or the Constitution in order for a federal court to have federal question jurisdiction (*Little River Band of Ottawa Indians v. National Labor Relations Bd.*, 747 F.Supp.2d 872 (2010)).[2]. A federal question must be present on the face of the plaintiff's well-pleaded complaint. (*Hines v. Irvington Counseling Center*, 933 F.Supp. 382 (1996)).[3], (*Banco Popular de Puerto Rico v. Ramírez*, 2017 280 F. Supp.3d 316).

If a case is brought under federal law, there is federal question jurisdiction, which means that the plaintiff's right to relief is contingent upon the determination of a significant federal law question (*Progressive Express Insurance Co. v. Harry's Truck Service, LLC*, 688 F.Supp.3d 773 (2023)). This can happen when the plaintiff's claim raises a significant, contentious issue of federal law or when the cause of action is established by federal law (*Loeb v. Vergara*, 326 F.Supp.3d 295

8

(2018)). However, federal jurisdiction cannot be granted just because a state-law claim contains a federal element; the federal issue must be <u>significant and essential</u> to the case's resolution (*Michigan Department of Environment v. STS Hydropower, LLC*, 609 F.Supp.3d 552 (2022)).[7].

Three elements must be met before a court can exercise jurisdiction, according to the Supreme Court's restricted interpretation of §1331: (1) the well-pleaded complaint requirement; (2) the substantiality requirement; and (3) the centrality requirement. 13D <u>Wright & Miller</u>, p. 174, § 3562.

> i. Requirement for well-pleaded complaint: Unless the plaintiff brings up the matter in a well-pleaded complaint, a federal court lacks jurisdiction over a federal subject.
>
> ii. Substantiality requirement: When a claim is wholly baseless, a federal court lacks jurisdiction over it under federal law.
>
> iii. Centrality requirement: If the federal question posed in the complaint is not sufficiently fundamental to the plaintiff's claim, the federal court lacks jurisdiction over the federal matter.

In conclusion, the plaintiff's claim must be made under federal law, and the federal issue must be significant and at the heart of the case, for a federal court to have subject matter jurisdiction based on a federal question. The plaintiff's well-written complaint must clearly state the federal question; jurisdiction cannot be established by the mere existence of a federal element (*Hines v. Irvington Counseling Center*, 933 F.Supp. 382 (1996).

The complaint at Bar makes no mention of a federal question which must be addressed by this Court. Co-defendants move to dismiss the complaint under Federal Rule of Civil Procedure

12(b)(1) for failure to state a federal question which would grant jurisdiction to this Honorable Court.

### C. THE COMPLAINT MUST BE DISMISSED BECAUSE IT DOES NOT REACH THE PLEADING STANDARDS UNDER RULE 12(B)(6) SCRUTINY.

To survive a motion to dismiss under Federal Rule 12(b)(6) of Civil Procedure, a complaint must both assert a "plausible" claim and set forth "sufficient factual matter" to support it. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). "A pleading that offers '*labels and conclusions*' or '*a formulaic recitation of the elements of a cause of action*' will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citations omitted). The complaint at Bar is composed of precisely this type of conclusory and naked assertions, and totally devoid of any factual enhancement to support the prayer for relief. It must therefore be dismissed in its entirety, with prejudice.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. In other words, when evaluating whether a complaint states a claim for relief, conclusory allegations should be disregarded. *Id.* Moreover, "[i]t is not … proper to assume that [plaintiff] can prove facts that it has not alleged." *Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Plaintiff fails to meet the necessary standard of Fed. R. Civ. P. 12(b), as she limits her claim to conclusory allegations that she suffered damages which are supposedly "obvious" yet are not even mentioned in the complaint. The Plaintiff brings forth allegations of breach of contract, with

no mention of what contract has been breached or what the alleged breach was. This conclusory allegation has no assumption of truth and should be dismissed. In terms of the alleged damage to a fence, there is no plausible allegation, nor could one be credibly construed, that the cost of repairing or replacing 23 acres (835 linear feet) of cyclone fence would even remotely approximate to the jurisdictional amount of $75,000.01.

Plaintiff requests this Honorable Court to impose and grant damages in excess of $10,000,000.00 and presents a series unintelligible statements which fail to state a claim upon which relief can be granted. Therefore, Co-defendants also move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

V.     CONCLUSION

As discussed, the Complaint should be dismissed because it does not meet the pleading standards under Rule 12(b)(1) nor 12(b)(6) scrutiny. In the present case, Plaintiffs have brought forth, vague and mendacious factual allegations in order to manufacture jurisdictional access to this Court.

Plaintiffs' complaint is lacking any federal question issues which must be considered by this Court. The complaint at Bar is composed of conclusory and implausible allegations which do not contain "sufficient factual matter" to support them. Diversity jurisdiction is not properly alleged, and the alleged damages are brought in blatant bad faith in order to artificially feign the jurisdictional amount required.

**WHEREFORE** Defendants respectfully request that this Honorable Court Dismiss the Complaint with prejudice.

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing complies with the form and length requirements of Local Rule 7(d) of the Local Rules of the United States District Court for the District of Puerto Rico.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of this Court using the CM/ECF System, which will send notice of such filing to all counsel of record.

Respectfully submitted,

In San Juan, Puerto Rico, on December 26, 2024.

LUMA
**Legal Division**
**PO Box 364267**
**San Juan, Puerto Rico 00936-4267**
**(787) 342-6091**

**Alana.Vizcarrondo@lumapr.com**
*s/Alana M. Vizcarrondo- Santana*
**USDC-PR 301614**

***Carlos.RamirezIsern@lumapr.com***
*s/Carlos R. Ramírez- Isern*
**USDC-PR 305907**