IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IRMGARD PAGAN RIVERA | CIVIL ACTION No: 3:24-CV-01457 - RAM |
| Plaintiff | |
| vs. | COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, INVASION OF PROPERTY |
| LUMA ENERGY, LLC., AND OTHERS | |
| Defendants | TRIAL BY JURY |

## MOTION TO RECONSIDER JUDGMENT

TO THE HONORABLE COURT:

NOW COMES TH E PLAINTIFF, by her undersigned attorney, and very respectfully avers:

1. The complaint in this case was filed on September 28, 2024, Docket Number 1.

2. Defendants LUMA Energy LLC. (LUMA1), and LUMA Energy Serv Co.(LUMA2), entered their appearance on October 24, 2024. Docket #8.

3. On December 26, 2024, defendants LUMA, et als, filed a motion to dismiss the complaint alleging inter alia: 1) Insufficient allegations related to the cause of action; 2) a prior easement allowing the construction of electric transmission towers on the plaintiff's property; (3) alleged lack of diversity jurisdiction; 3) Insufficient plea allegations to survive juridictional amount requirement question; 4) that the complaint fails to raise a federal question 5) alleged failure to reach pleading standards under Rule 12(b) scrutiny.

4. On March 4, 2025, that Honorable Court entered an Order Dismissing the Amended Complaint, without Prejudice, based on the finding that the Plaintiff failed to sufficiently allege that her damages meet the juridictional amount.

5. Plaintiff now alleges that the amended complaint does meet the threshold

requirements of 28 USC § 1332 (a) which requires that the Court have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different States; ........

A) Diversity: The plaintiff has alleged that she is a resident of the State of Maryland, and in her opposition to the motion to dismiss filed by the defendants, included evidence of her domicile by virtue of correspondence addressed to her residence at 11120 Fawcett Road, Potomac, MD 20854, on letter adressed to her by the Registrar of Potomac Elementary, dated January 15, 2025. This diversity requirement requires that the plaintiff have both physical presence in the state and an intent to reside in the state indefinitely. Wachovia Bank v. Schmidt, 546 US 303 (2006). The plaintiff submitted as exhibits her Identification card issued by the State of Maryland, and her intention to reside in the state by the fact that her children are currently enrolled in a school in Maryland. The plaintiff meets the domicile requirement of 28 USC § 1332 (a). There is no controversy in the fact that the defendants are all residents or are engaged in business in Puerto Rico, which for the purpose of diversity is considered a state. U.S. v. Cirino 419 F.3d 1001 (9th Cir. 2005).

B) Matter in Controversy: The cited section requires that the civil action or matter in controversy exceed the value of $75,000.00. The time at which the amount in controversy is measured is the date that the suit is filed. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 US 63 (1938). The plaintiff has alleged that the defendants have caused damages which she estimates at Ten Million Dollars ($10,000,000.00). This claim must be taken at face value for the purpose of considering the motion to dismiss, which must take as certain the facts alleged, since at this point in time there is no evidence to contradict or support this allegation of damages, which was included in the complaint's prayer for relief. It is well resolved that the court will construe the complaint liberally, accept all uncontroverted well pleaded factual allegations as true, and view all reasonalbe

*Irmgard Pagan v. LUMA*
Case No. 3:24-cv-01457 RAM
Page No. 3

inferences in plaintiff's favor. Schewer v. Rhodes 416 US 232 (2017). The plaintff meets the second prong of the Jurisdictional rquirements to allow the Honorable Court to entertain and resolve the civil matter addressed in this complaint.

6. This Cout has authority under Rule 60 of the Rules of Civil Procedure to grant the plaintiff the remedy requested, that the Order of Dismissal be set aside and an Order to continue these proceedings be entered, based on the preceding allegations and the applicable law, that show that this Court has jurisdiction to grant the plaintiff's demand for remedies.

WHEREFORE, the Plaintiff respectfully requests that the Order Dismissing this case be set aside, and an Order for the continuation of legal proceedings initiated with the filing of this complaint be also entered.

**I HEREBY CERTIFY** that on this date I electronically filed the foregoing document with the clerk of the Court using the CM/ECF System which will send notification of the such filing to the following parties: LUMA legal division, PO Box 364267, San Juan, PR 00936-4267, to Alana.Vizcarrondo@lumapr.com

In San Juan, Puerto Rico, this 12th day of March, 2025.

                                                   **MODESTO BIGAS LAW OFFICE**
                                                   Attorney for Debtor
                                                   PO Box 7462
                                                   Ponce, PR 00732-7462
                                                   Tel. 787-844-1444; Fax 787-842-4090

                                     By:    /s/ Modesto Bigas Mendez
                                                  **MODESTO BIGAS MENDEZ**
                                                   USDC 129507
                                                   mbigasmendez@gmail.com